ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

LEIF DAUTCH (CABN 283975)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7534
    FAX: (415) 436-7234
    Leif.Dautch@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> HEZEKIAH HOWARD, <br><br> Defendant. | CASE NOS. 18-CR-587-JST & 23-CR-358-JST <br><br> **UNITED STATES' SENTENCING MEMORANDUM** <br><br> Hearing Date: March 15, 2024 <br> Time:  9:30 a.m. <br> Judge: Hon. Jon S. Tigar |

## I. INTRODUCTION

Defendant Hezekiah Howard will appear before this Court on March 15, 2024 to plead guilty to unlawful possession of a firearm and ammunition under 18 U.S.C. § 922(g)(1), admit various violations of his supervised release conditions, and be sentenced. This unusual posture is part of a global resolution which, if accepted by this Court, would permit Howard to receive a federal sentence of 14 months (with credit for time served), to be followed by his immediate transfer to state custody, where he will plead guilty to assault with a semiautomatic firearm in exchange for a stipulated state prison term of six years. Without the accompanying state sentence, the government would consider a credit-for-time-served sentence inadequate to meet the sentencing goals of 18 U.S.C. § 3553(a). But viewed as a whole,

the government believes this outcome is a reasonable and appropriate sanction for Howard's various forms of criminal behavior. Accordingly, the government respectfully asks the Court to accept the parties' Rule 11(c)(1)(C) plea agreement, impose a sentence of 14 months' imprisonment with three years of supervised release to follow Howard's release from state prison, a $100 special assessment, and forfeiture of the guns, ammunition, and magazines involved in the charged offense.

## II.     OFFENSE CONDUCT

On January 12, 2023, ATF agents and U.S. Marshals arrested Howard on an outstanding warrant in Antioch, California. When agents arrived at the house, they observed Howard running in and out of two bedrooms on the second floor of the house. Those bedrooms belonged to the young daughters of Howard's girlfriend. Officers recovered a firearm from each room: a Springfield XD40 handgun loaded with an extended magazine in one room, and an unserialized, short-barreled rifle with a drum magazine in the other. Agents also found a receipt from the "Antioch Armory" gun store dated January 10, 2023 (two days before the search). That receipt was for various gun accessories, including the gun grip that was found on the Springfield handgun. Surveillance footage was later obtained from the gun store, which showed Howard and another individual purchasing the gun grip on the date of the receipt. During a Mirandized interview by Oakland police, Howard admitted that he had recently purchased both firearms, and that they belonged to him. The Springfield handgun was manufactured in Missouri and had previously been reported stolen.

An amended Form 12 was filed against Howard on January 18, 2023, alleging that he violated the conditions of his supervised release mandating that he not possess weapons, not possess controlled substances (a large quantity of marijuana was also found in the house), and that he not associate with gang members. *See* Case No. 18-CR-587, Dkt. 184. The Form 12 also alleged that Howard was involved in a July 30, 2022 shooting in Oakland involving members of the CASE and Acorn criminal street gangs. Oakland police reports describe a caravan of three cars traveling from a birthday party for a CASE gang member to rival gang territory, where four shooters jumped out of the cars and fired shots into the courtyard of an apartment complex. The shooting itself is captured on pole cameras installed across the street, though the shooters' faces are covered. Police do not believe anyone was struck.

In an Instagram post earlier in the evening, Howard was "tagged" with his Instagram handle ("hez.98") wearing a jacket with a horizontal red and white stripe on it.[1]  One of the shooters depicted in the pole camera footage appears to be wearing that same jacket, with the same red and white stripe on the chest.  A similar jacket with the same design, as well as the blue sneakers depicted in the Instagram post, were found in a downstairs closet of the Antioch house during the January 2023 search.  Following the filing of the amended Form 12 in January 2023, Howard consented to detention and has been in custody since then.

### III.  APPLICABLE GUIDELINES CALCULATION

Howard has waived preparation of a presentence report, but the parties agree that the Base Offense Level for the firearm charge is 20, based on his possession of a semiautomatic firearm capable of accepting a large-capacity magazine.  U.S.S.G. §2K2.1(a)(4).  The parties likewise agree that the Base Offense Level is increased by two levels to 22 because Howard possessed a stolen firearm, but is reduced by three levels to 19 based on acceptance of responsibility.  §2K2.1(b)(4)(A).

Based on criminal history reports pulled by ATF, Howard has three prior felony convictions from two cases: (1) a 2017 state conviction for carrying a concealed firearm, for which he was sentenced to 90 days of county jail and probation; and (2) 2018 federal convictions for possession of an unregistered firearm and being a felon in possession of a firearm, for which he was sentenced to 18 months in prison.  Those are 2- and 3-point offenses for purposes of U.S.S.G. § 4A1.1, and because he has fewer than seven total criminal history points, he no longer receives any points for committing a new offense while on supervision.  Accordingly, Howard has a total of five criminal history points, placing him in Criminal History Category III.  A Total Offense Level of 19 and CHC III yields an advisory guidelines range of 37-46 months.

### IV.  DISCUSSION

#### A.  Applicable Sentencing Factors

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2).  *United States v. Carty*, 520

---

[1] The government is not including the Instagram post in this filing because the faces and social media handles of uncharged people are visible.  But a copy can be lodged at the Court's request.

F.3d 984, 991 (9th Cir. 2008). The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the Guidelines. *Id*. After determining the appropriate Guidelines calculations, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a). *Carty*, 520 F.3d at 991-93.

Under 18 U.S.C. § 3553(a), in arriving at the appropriate sentence for the defendant, the Court should consider these factors applicable to this case, among others:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) the need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;

(5) the need to provide restitution to any victims of the offense.

**B.  A Sentence of 14 Months Is Sufficient, But Not Greater than Necessary, Given Howard's Expected, Lengthy State Sentence**

Mr. Howard's offense conduct and criminal history are concerning and warrant a substantial custodial term. Despite being on federal supervised release, Howard continued to arm himself with multiple firearms and participated in a gang-related shooting. These actions constituted not just violations of his supervised release, but also new federal crimes. To avoid responsibility when the ATF showed up at his door, he hid loaded firearms in children's bedrooms. And at the time that he was engaging in all of this conduct, he was seeking early termination of his supervised release from this Court. It is clear that he is not currently amendable to supervision, and that the prior sentence of 18 months did not have an adequate deterrent effect on Howard.

However, the needed substantial term of imprisonment can be accomplished here in a way that protects the public, deters future misconduct, and vindicates the interests of two sovereigns. As outlined in paragraphs 10 and 21 of the plea agreement, Howard promises that, following his transfer to state custody after completion of his federal sentence, he will not seek release or post a bond, will plead guilty

UNITED STATES' SENTENCING MEMORANDUM   4
18-CR-587-JST & 23-CR-358-JST

to a pending charge of assault with a semiautomatic firearm under California Penal Code section 245(b), and will accept a stipulated prison sentence of six years. If Howard reneges on any aspect of that arrangement, the government will be released from its promises and can file additional federal charges against him, such as assault in aid of racketeering. The parties have consulted with the assigned prosecutor at the Alameda County District Attorney's Office, who is amenable to the proposed global resolution.

Between his federal and state cases, Howard will serve approximately 50 actual months of custody time, or the equivalent of a 58-month federal sentence served at 85 percent. The government believes that such a term is a reasonable and appropriate sanction for Howard's continued gun possession and participation in a gang-related shooting while on supervised release.

**V.     CONCLUSION**

With full consideration of all the sentencing factors set forth in 18 U.S.C. § 3553(a), the United States respectfully requests that the Court impose a sentence of 14 months' imprisonment, three years of supervised release, a $100 special assessment, and forfeiture of the firearms, ammunition, and magazines involved in the charged crime.

DATED:  March 7, 2024

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

*/s/ Leif Dautch*
LEIF DAUTCH
Assistant United States Attorney